```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

DONNA LORETTA CAVES,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:15-15915

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Proposed Findings and Recommendation ("PF&R") on February 28, 2017, in which he recommended that the court grant the plaintiff's brief to the extent that she seeks remand pursuant to sentence four of 42 U.S.C. § 405(g); deny defendant's brief in support of the Commissioner's decision; reverse the final decision of the Commissioner, remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings as outlined in the PF&R; and dismiss this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Tinsley's

Proposed Findings and Recommendation. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The government timely filed objections and Caves responded to those objections. (ECF Nos. 18 and 19). With respect to those objections, the court has conducted a de novo review.

Following a hearing on May 13, 2014, Administrative Law Judge Jeffrey J. Schueler issued an unfavorable notice of decision on May 30, 2014. Administrative Records ("AR") at 9-30. Caves asked the Appeals Council to review that decision and submitted additional evidence which the Appeals Council received and made part of the record. AR at 1-4. On November 10, 2015, the Appeals Council denied the request for review. See id. It noted that it considered the additional evidence and found that this information did not provide a basis for changing the Administrative Law Judge's decision. See id. The additional evidence included:

- Exhibit 53F. Medical evidence from Foot & Ankle Clinic dated March 13, 2014.
- Exhibit 54F. Medical evidence from Bluefield Clinic Company dated June 2, 2014 through July 18, 2014.

- Exhibit 55F.  Medical evidence from Bluefield Regional Medical Center dated August 13, 2014.

AR at 1349-1372.  The Appeals Council did not indicate the reasons for its decision nor was it required to do so.

The new evidence submitted to the Appeals Council included treatment notes from Dr. Gary McCarthy dated June 2, 2014, June 25, 2014, July 3, 2014, July 14, 2014, and July 18, 2014.  The notes indicate that plaintiff was being seen by Dr. McCarthy for left ankle and foot pain.  Those records further indicate that plaintiff underwent surgery on her left lower extremity on July 3, 2014.

Magistrate Judge Tinsley concluded that the evidence submitted to the Appeals Council was new and material and that, because that evidence addressed Caves' "continued complaints and treatment for [her] lower extremit[ies]," there was a reasonable possibility that this new evidence would have changed the outcome of the ALJ's decision.  PF&R at 18.  Therefore, the magistrate judge recommended that this court find the ALJ's decision was not supported by substantial evidence because he had not reviewed the record as a whole.  See id.

Defendant argues that Magistrate Judge Tinsley is wrong. According to the Commissioner, the evidence from Dr. Chianese is merely cumulative of certain other evidence in the record. Objections at 2.  As for the other evidence submitted to the

Appeals Council, because it post-dated the ALJ's decision, defendant argues that it does not pertain to the relevant time period in this matter. See id. at 2-3. Therefore, the Commissioner submits that there is no reasonable probability that the additional evidence could have changed the outcome of the ALJ's decision. See id. at 1.

The court does not agree. While the evidence regarding the sprained ankle is clearly outside the relevant time period, the fact that plaintiff had surgery little more than 30 days after the ALJ's decision might call into question the ALJ's conclusions about the level of severity of plaintiff's lower extremities. There is no indication that this surgery was for anything other than plaintiff's ongoing complaints regarding her ankle and foot pain.

Rather than repeat the evidence of record regarding plaintiff's lower extremities, the court relies on the discussion provided in the PF&R. As to plaintiff's lower-level extremities, the ALJ's decision stated:

> At the second hearing, the claimant testified that her plantar fasciitis and foot symptoms were her main impairments. She said her feet would swell and get painful, and the left was worst [sic]. She stated that she can stand and walk only five to ten minutes at a time. She also alleged that she must elevate her feet 3 hours per day.

4

AR at 18. The ALJ summarized plaintiff's treatment for her lower extremities and noted that she started seeing Dr. Leonard Horwitz in October 2010. AR at 20-21.

As to plaintiff's credibility, the ALJ stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. As demonstrated by the evidence as summarized above and the credibility factors as explained below, the claimant's allegations in this case are found less than fully credible.

AR at 23-24. The ALJ went on to find that

> [i]n terms of the claimant's alleged physical impairments, the medical evidence of record does not support the severity of her allegations. . . . In this case, the claimant has not consistently complained of and sought treatment for symptoms related to her alleged impairments. As to claimant's foot pain, she often went many months without seeing her podiatrist. She repeatedly stated to him that the injections and medications helped her foot pain, but during many periods, she did not see him for months at a time, *suggesting that her symptoms had resolved or were not that severe*. The claimant did not seek treatment for foot pain from mid-2012 to 2014, and in 2014, she only sought routine pain medication from her primary care practitioner.

AR at 24 (emphasis added). The ALJ went on to state that

> Although the claimant has received treatment for the allegedly disabling impairments, *that treatment has been mostly routine and/or conservative in nature*. The record also reveals that the treatment has been generally successful in controlling these symptoms. The claimant

>received injections and medication for her foot pain. She also used a brace and a special boot or shoe after her ankle sprain, but this only lasted a few months, suggesting that she had improved. The claimant used Neurontin for her foot and lower extremity symptoms and reported that it helped. . . . The undersigned does not contend that the claimant's treatment completely cured all of her symptoms. However, the medical evidence of record shows that treatment significantly helped her.

AR at 24 (emphasis added). Finally, the ALJ noted that, "[i]n this case, as discussed above, the objective medical evidence, including diagnostic imaging, testing, and physical examination results show only mild abnormalities." AR at 25.

As to the ALJ's treatment of Dr. Horwitz, plaintiff's podiatrist, the ALJ's decision states:

>As for the opinion evidence, Dr. Horwitz, the claimant's podiatrist, opined that the claimant was unable to perform sedentary work. He noted her diagnoses and symptoms, including foot pain, numbness, and burning. He opined that the claimant was not able to sit, stand, or pay attention for 2 hours. (Exhibit 40F) His opinion is given little weight because it is not supported by the medical evidence of record. Even though the claimant's ability to stand and walk is limited by her lower extremity symptoms, as explained above, she received conservative, infrequent treatment for them, and she often stated that her treatme[nt] and leg problems could limit one's ability to sit (due to the need to elevate the legs and feet), they primarily affect the ability to stand and walk. There is no objective evidence in this case that the claimant needed to elevate her legs frequently, and she never alleged significant problems with sitting to Dr. Horwitz.

AR at 26. Finally, the ALJ gave the opinion of Dr. Besen "very little weight" because he stated only that plaintiff had "foot

pain and numbness" and that did not demonstrate a "documented inability to ambulate."  AR at 28.

As the foregoing demonstrate, the ALJ largely discredited plaintiff's complaints regarding the severity and pain related to her foot and ankle ailments.  In so doing, he pointed out that the only treatment she had received was conservative and, further, that such treatment seemed to help.  The ALJ also gave little weight to the opinions of Dr. Horwitz, plaintiff's treating physician, in part, because she had received conservative treatment for her ailments.  However, the new evidence regarding plaintiff's surgery to relieve ankle and foot pain could reasonably call into question the ALJ's conclusions about plaintiff's foot and ankle pain and the severity thereof.  Therefore, the Commissioner's failure to explain its treatment of this new evidence – which is part of the record herein – makes remand necessary.

When a claimant appeals an ALJ's ruling, the Appeals Council first makes a decision whether to grant or deny review. Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011).

> The regulations also specifically permit claimants to submit additional evidence, not before the ALJ, when requesting review by the Appeals Council. See id. §§ 404.968, 404.970(b).  In such cases, the Appeals Council first determines if the submission constitutes "new and material" evidence that "relates to the period on or before the date of the [ALJ's] hearing decision."  Id. § 404.970(b).  Evidence is new "if it is not duplicative or cumulative" and is material if

>   there is "a reasonable possibility that the new
>   evidence would have changed the outcome."
>   Wilkins, 953 F.2d at 96.

Id. at 704-05.  If the Appeals Council determines that evidence is new and material, it then

>   "evaluate[s] the entire record including the new
>   and material evidence." Id. § 404.970(b).  After
>   this evaluation, if the Appeals Council finds that
>   the ALJ's "action, findings, or conclusion is
>   contrary to the weight of the evidence currently
>   of record," id., it will grant the request for
>   review and either issue its own decision on the
>   merits or remand the case to the ALJ.  Id. §§
>   404.967, 404.977(a), 404.979.  But if upon
>   consideration of all of the evidence, including
>   any new and material evidence, the Appeals Council
>   finds the ALJ's action, findings, or conclusions
>   not contrary to the weight of the evidence, the
>   Appeals Council can simply deny the request for
>   review.

Id. at 705.  The Appeals Council is not required to explain its rationale for denying review.  See id.  However, as the Fourth Circuit has acknowledged, "[a]lthough the regulatory scheme does not require the Appeals Council to articulate any findings when it considers new evidence and denies review, we are certainly mindful that `an express analysis of the Appeals Council's determination would [be] helpful for purposes of judicial review.'"  Id. at 706 (quoting Martinez v. Barnhart, 444 F.3d 1201, 1207-08 (10th Cir. 2006); see also Damato v. Sullivan, 945 F.2d 982, 989 n.6 (7th Cir. 1992)(noting that in "fairness to the party appealing the ALJ's decision, the Appeals Council should

articulate its reasoning" when it rejects new and material evidence and denies review).

In this case, the evidence regarding plaintiff's surgery little more than a month after the ALJ's decision appears to be relevant to the time period at issue herein. Perhaps it is not, but the court has no basis on which to so conclude because the Commissioner (through the Appeals Council) gave no reasons for its treatment of this evidence. Another district court succintly explained the difficult situation this court faces:

> In deciding this case, the court must attempt to steer its analytical ship between the twin perils of Scylla and Charybdis. The court is caught between trying to provide meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ. Specifically, in this modern-day version of the classic Greek tale, Scylla represents any violation of the Fourth Circuit's rule that when evidence not considered by the ALJ is submitted to the Appeals Council and is incorporated into the record, the reviewing court must also consider this evidence in determining whether the Commissioner's decision is supported by substantial evidence. See Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). By attempting to adhere to such a rule when the Appeals Council fails to articulate the reasons why the new, additional evidence does not suffice as a basis for changing the ALJ's decision, this court is drawn perilously close to Charybdis, which represents any violation of the Fourth Circuit's rule that the Commissioner must indicate explicitly the weight of all relevant evidence because it is not within the province of a reviewing court to determine the weight of the evidence. See Hays v. Sullivan, 907

9

F.2d 1453, 1456 (4th Cir. 1990); Stawls v. Califano, 596 F.2d 1209, 1213 (4th Cir. 1979).

* * *

. . . In Social Security cases, a district court's function "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). "A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court." Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978). Instead, the Commissioner "must indicate explicitly that all relevant evidence has been weighed and its weight." Stawls v. Califano, 596 F.2d 1209, 1213 (4th Cir. 1979). The "Appeals Council's failure to make specific findings concerning [new evidence submitted to it is] reversible error. Unless the [Commissioner] explicitly indicates the weight given to all the relevant evidence, [a district court] cannot determine on review whether the findings are supported by substantial evidence." Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980). Therefore, the Commissioner "must present [the reviewing court] with findings and determinations sufficiently articulated to permit meaningful judicial review." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). The Commissioner failed to do so in this case. This court is not a soothsayer and cannot base its conclusion on surmise and conjecture as to the reasons the Commissioner disregarded the new, additional evidence presented to it. "Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

> Arnold v. Secretary of Health, Educ. & Welfare,
> 567 F.2d 258, 259 (4th Cir. 1977).

Harmon v. Apfel, 103 F. Supp.2d 869, 873 (D.S.C. 2000)(internal footnotes omitted).

Based on the foregoing, the court cannot conclude that Magistrate Judge Tinsley erred in finding that the Commissioner's final decision is not supported by substantial evidence in the current record, which contains new and material evidence of Caves' physical condition during the relevant time period. "The Appeals Council's summary denial means that no fact finder has weighed this evidence or attempted to reconcile it with the conflicting and supporting evidence in the current record. This Court cannot undertake that task in the first instance." Bass v. Colvin, No. 4:14-cv-00003, 2015 WL 225412, *9 (W.D. Va. Jan. 16, 2015) (remanding under the fourth sentence of 405(g) for consideration of additional evidence submitted to Appeals Council but not considered by ALJ because such evidence contradicted factual findings and rationale underpinning ALJ's decision); see also Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011)("The ALJ emphasized that the record before it lacked restrictions placed on the claimant by a treating physician, suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record

11

evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision.  Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record.  Assessing the probative value of competing evidence is quintessentially the role of the fact finder.  We cannot undertake it in the first instance.  Therefore, we must remand the case for further fact finding.").

Accordingly, the court **OVERRULES** defendant's objections and adopts the Findings and Recommendations of Magistrate Judge Tinsley and, by Judgment Order entered on March 31, 2017,
**ORDERED**:

1. Plaintiff's Brief in Support of Complaint was **GRANTED** to the extent she seeks remand pursuant to sentence four of 42 U.S.C. § 405(g);
2. Defendant's Brief in Support of the Commissioner's Decision was **DENIED**;
3. The final decision of the Commissioner was **REVERSED**;
4. The case was **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings as outlined in the Proposed

       Findings and Recommendation and this court's Memorandum Opinion and Order; and

5. This Clerk was directed to remove this case from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 3rd of April, 2017.

                ENTER:

                *David A. Faber*
                David A. Faber
                Senior United States District Judge